IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


ANGELA B.,[1]

        Plaintiff,

v.

COMMISSIONER, Social Security
Administration,

        Defendant.

Case No. 6:17-cv-01609-SU

**OPINION
AND ORDER**

SULLIVAN, United States Magistrate Judge:

Plaintiff Angela B. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for disability insurance benefits ("DIB") under Title II and supplemental security income ("SSI") under Title

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and last name initial of non-government parties and their immediate family members.

XVI of the Social Security Act (the "Act"). (Docket No. 1). This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* (Docket No. 9). For the reasons that follow, the Commissioner's decisions is AFFIRMED and this case is DISMISSED.

## PROCEDURAL BACKGROUND

Plaintiff filed applications for DIB and SSI on July 18, 2013, alleging an amended disability onset date of May 14, 2013. Tr. 15, 200–07; *see also* Tr. 60.[2] Her applications were denied initially and upon reconsideration. Tr. 104–05, 130–31. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held on July 26, 2016. Tr. 37–79, 152–53. On August 19, 2016, an ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 15–26. The Appeals Council denied plaintiff's request for review on August 18, 2017, making the ALJ's decision the final decision of the Commissioner. Tr. 1–8. This appeal followed.

## FACTUAL BACKGROUND

Born in 1978, plaintiff was thirty-four years old on her amended alleged onset date. Tr. 25, 80. She completed the tenth grade and has past relevant work experience as a cashier/checker. Tr. 25, 44, 222. She alleged disability based on degenerative disk disease, back injury, arthritis of the back, and migraine headaches. Tr. 48–50, 221. Plaintiff lives with her significant other and two sons. Tr. 58, 242.

---

[2] "Tr." citations are to the Administrative Record. (Docket No. 14).

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests on the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At

step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c) & 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that plaintiff met the insured requirements of the Act and had not engaged in substantial gainful activity since her amended alleged onset date. Tr. 17. At step

two, the ALJ found that plaintiff had the following severe impairments: lumbar degenerative disc disease; headaches; chronic pain syndrome; and obesity. *Id.* At step three, the ALJ found that plaintiff did not have an impairment or combination thereof that met or equaled a listed impairment. Tr. 20. The ALJ found that plaintiff had the RFC to perform medium work, but with several nonexertional limitations. *Id.* She could frequently stoop, crouch, kneel, crawl, climb stairs and ramps; and work in moderate noisy environments. *Id.* She could not climb ladders, ropes, and scaffolds; not work in environments with extreme heat, cold, wetness, or humidity; not be exposed to concentrated airborne irritants and hazards; and not drive commercially. *Id.* At step four, the ALJ found that plaintiff could perform her past relevant work as a cashier/checker. Tr. 25. In the alternative, the ALJ made a step five finding that based on the RFC and VE testimony, a significant number of jobs existed such that plaintiff could sustain employment despite her impairments. *Id.* Specifically, the ALJ found plaintiff could perform the jobs of photocopy machine operator, linen room attendant, and office helper. Tr. 26. The ALJ thus found plaintiff was not disabled within the meaning of the Act. *Id.*

## ANALYSIS

Plaintiff asserts the ALJ erred by: (1) failing to provide clear and convincing reasons for rejecting her subjective symptom testimony; and (2) improperly weighing the medical opinion evidence. The Court addresses each argument in turn.

### I. **Subjective Symptom Testimony**

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so."

*Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

Social Security Ruling ("SSR") 16-3p clarified that ALJs are not tasked with "examining an individual's character" or propensity for truthfulness, and instead must assess whether the claimant's subjective symptom statements are consistent with the record as a whole. *See* SSR 16-3p, *available at* 2017 WL 5180304. If the ALJ's subjective symptom analysis "is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas*, 278 F.3d at 959 (citation omitted).

The ALJ found that, although plaintiff's impairments could reasonably be expected to cause some of her alleged symptoms, her testimony concerning the intensity, persistence, and limiting effects of those symptoms were "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in [the] decision." Tr. 21. Plaintiff argues that the ALJ's reasoning does not satisfy the clear-and-convincing standard. Pl.'s Opening Br. 14–17 ("Pl.'s Br.") (Docket No. 18). The Court finds, however, that the ALJ supplied at least two clear and convincing reasons to discount plaintiff's allegations: (1) plaintiff's positive response to medications; and (2) her daily activities.

### A. Response to Medication

The "effectiveness . . . of any medication [a claimant] takes" is an appropriate factor for ALJs to consider in evaluating subjective symptom testimony." 20 C.F.R. §§ 1529(c), 416.929(c) (effective June 13, 2011 through March 26, 2017).[3] Indeed, "[i]mpairments that can be controlled effectively with medication are not disabling" for purposes of determining eligibility for disability benefits. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

The ALJ cited treatment notes that demonstrated plaintiff's "headaches stopped with the regular use of Topamax." Tr. 22 (citing Tr. 319 (reporting Topamax "has been very helpful for her migraines and she [had] not had any recurrent migraines since" starting the medication); Tr. 326 (reporting plaintiff's "migraine headaches [had] resolved with the use of Topamax")). Positive response to medication is a clear and convincing reason to discount a claimant's subjective symptom testimony. *See Norbert S. v. Berryhill*, No. 6:18-cv-00218-AC, 2019 WL 2437457, at *4 (D. Or. June 11, 2019).

The ALJ acknowledged that plaintiff's headaches temporarily increased in 2015; however, the ALJ highlighted treatment records from January through April 2016 in which plaintiff attended five separate medical appointments without complaint of migraines or headaches. *See* Tr. 23 (citing Tr. 380, 385, 388, 393, 396). Although plaintiff offers an alternative interpretation of the medical evidence, the ALJ's reading is rational and therefore must be upheld. *Burch*, 400 F.3d at 679; *see also Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.")

---

[3] The Court notes that effective March 27, 2017, the Commissioner has promulgated new regulations for evaluating symptom testimony. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 FR 5844-01, *available at* 2017 WL 168819 at *5871, *5882 (January 18, 2017). Those revisions, however, do not apply in this appeal. *See Lori W. v. Comm'r, Soc. Sec. Admin.*, No. 6:18-cv-00468-SU, 2019 WL 4605556, at *3 n.3 (D. Or. Sept. 23, 2019).

((quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). Significantly, the ALJ did not reject plaintiff's reports of headaches entirely. Rather, the ALJ took "any residual headaches into consideration" by including noise and environmental limitations in plaintiff's RFC. Tr. 23. As such, plaintiff's response to her medication was a clear and convincing reason to discount her subjective symptom testimony regarding migraine headaches.

### B. Activities of Daily Living

An ALJ may use activities of daily living to discredit a claimant's testimony where the activities (1) meet the threshold for transferable work skills or (2) contradict the claimant's testimony. *Orn*, 495 F.3d at 639.

The ALJ noted that plaintiff reported to taking two-mile walks daily and that she was able to complete chores around the home. Tr. 22 (citing Tr. 297 (reporting plaintiff had "been trying to walk two miles a day"); Tr. 319 (reporting that plaintiff was "able to do her usual house chores"); *see also* Tr. 244 (writing in function report that "everyday [plaintiff took her] dogs + kids for a 2.1 mile walk")). That evidence is inconsistent with plaintiff's reports of disabling postural limitations relating to her lumbar degenerative disc disease and was therefore a clear and convincing reason to discount her testimony. *See Claussen v. Berryhill*, No. 6:17-cv-00258-AA, 2018 WL 2222718, at *4 (D. Or. May 15, 2018) ("Although those activities are not the equivalent of full-time work, the ALJ reasonably found them inconsistent with the severity of symptoms described in plaintiff's [function report and hearing testimony].") (citing *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012)).

In sum, the ALJ provided clear and convincing reasons to discount plaintiff's subjective symptom testimony. The ALJ is affirmed as to this issue.

## II. Medical Opinion Evidence

In social security cases, there are three categories of medical opinions: those that come from treating, examining, and non-examining doctors. *Holohan v. Massanari,* 246 F.3d 1195, 1201 (9th Cir. 2001). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physicians." *Id.* at 1202. Opinions supported by explanations are given more authority than those that are not, as are opinions of specialists directly relating to their specialties. *Id.* "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)).

### A. Treating Physician: Brian Jones, M.D.

As noted, Dr. Jones was plaintiff's primary care provider. In November 2015, Dr. Jones completed a checkbox "Physical Residual Functional Capacity Report" in which he diagnosed lumbar disc disease and migraine headaches. Tr. 554. The doctor opined that plaintiff had the following postural limitations: she could occasionally stoop, kneel, and crouch; and never climb, balance, or crawl. Tr. 553. He further opined she had the following manipulative limitations: she could occasionally handle, finger, and feel; and never reach in all directions. Tr. 554. The doctor also concluded that plaintiff could lift and/or carry ten pounds occasionally, stand less than two hours in of an eight-hour workday, must be permitted to periodically alternate between standing and sitting during the workday, and was limited in her ability to push and pull. Tr. 553.

In June 2016, Dr. Jones provided an additional medical evaluation. Tr. 549–52. The doctor diagnosed the same conditions as he had in his 2015 opinion. Tr. 549. Dr. Jones opined that

plaintiff would need to lie down "as needed" during the day, and that plaintiff would miss more than four days of work per month. Tr. 550–51.

The ALJ gave Dr. Jones' opinions "little weight." Tr. 24. The Commissioner relies on two of the ALJ's stated rationales in support of the opinion's rejection: (1) inconsistency with the medical record, including the doctor's own treatment notes; and (2) the lack of explanation for the doctor's conclusion that plaintiff would miss four or more days of work per month.

1. Inconsistency with the Record

Inconsistency between a doctor's opinion and his treatment notes can support the rejection of a medical opinion. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692–93 (9th Cir. 2009) (holding that a conflict with treatment notes is a specific and legitimate reason to reject treating physician's opinion). The ALJ highlighted that, despite Dr. Jones' assessed standing and walking limitations, the record showed "no significant deficits in [plaintiff's] ability to ambulate on multiple physical examinations[.]" Tr. 24; *see also* Tr. 282, 292, 297, 300, 307, 311, 321, 405, 464, 479, 484; *but see* Tr. 302, 309. This discrepancy was a specific and legitimate rationale to discount Dr. Jones' opinions. *See Hesketh v. Berryhill*, No. 1:15-cv-02396-SB, 2017 WL 2256964, at *10 (D. Or. May 23, 2017) (holding that an ALJ may reject opinion where a doctor's "own examination findings [did] not support the sit, stand, and walk limitations he notes").

2. Lack of Explanation

An ALJ may reject an opinion that is brief, conclusory, and unsupported by clinical notes and findings. *Bayliss*, 427 F.3d at 1216. Here, the ALJ noted that although Dr. Jones opined that plaintiff would miss four or more days of work per month, the doctor failed to supply "any reasons to account for reaching this conclusion." Tr. 24. This was an additional valid reason to discount Dr. Jones' opinion. *Bell v. Colvin*, No. 3:15-cv-02172-KI, 2016 WL 7029824, at *8 (D. Or. Dec.

1, 2016) (affirming the rejection of a doctor's opinion the claimant "would miss work more than four times a month" where there was "no evidentiary support (or explanation) for [the doctor's] conclusion"); *see also Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ may reject check-off reports from physicians that do not contain any explanation of the bases for the conclusions).

The ALJ supplied specific and legitimate reasons to reject the opinion of Dr. Jones.

**B.     Pain Consultant: James Morris, M.D.**

Dr. Morris conducted a one-time pain management consultation of plaintiff in September 2013. *See* Tr. 279–91. Dr. Morris supplied a number of treatment recommendations, including "[p]hysical [t]herapy, epidural steroid injections, TENS unit, exercise, stretching, biofeedback, [and a] spinal cord stimulator." Tr. 285. Although Dr. Morris did not supply specific functional limitations, the doctor wrote that plaintiff's "[c]urrent condition [was] medically disabling." Tr. 284; *see also id.* (noting plaintiff had been "completely disabled since" May 2013). Ultimately, as the ALJ's decision noted, Dr. Morris "referred [plaintiff] back to Dr. Jones for conservative management of her pain symptomatology." Tr. 22. The ALJ devoted a paragraph of the decision to a discussion of Dr. Morris' statement, but did not assign the opinion any specific weight. *Id*.

The Commissioner acknowledges that the ALJ neglected to assign weight to Dr. Morris' opinion, but argues any error was harmless because whether an individual is disabled is an opinion "on issues reserved to the Commissioner." Therefore, the opinion was not due any special significance under the regulations. Def.'s Br. 6–7 (citing 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1)); *see also* 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3) ("We will not give any special significance to the source of an opinion on issues reserved to the Commissioner . . . ."). In reply, plaintiff argues that the Commissioner's argument is a *post hoc* explanation and ultimately flawed under *Hill v. Astrue*, 698 F.3d 1153 (9th Cir. 2012).

The Commissioner's harmless error argument is not a *post hoc* explanation, but a correct statement of the law in the Ninth Circuit, which applies harmless error principles to social security cases and, specifically, to cases involving medical opinions. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). Accordingly, the Court must assess whether the failure to assign specific weight to Dr. Morris' opinion was harmless.

An error is harmless, only if it is non-prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118–19 (quoting *Shinski v. Sanders,* 556 U.S. 396, 407 (2009)).

Plaintiff asserts Dr. Morris' opinion was not a conclusory opinion, but rather "an assessment, based on objective medical evidence of [her] likelihood of working—despite her desire to work—given her severe medical impairments and her inability to afford treatment for those conditions." Pl.'s Reply 3 (citing *Hill*, 698 F.3d at 1160).

*Hill* found harmful error where an ALJ failed to address an examining psychologist's opinion that the claimant's "medical problems [made] the likelihood of [her] sustained full time competitive employment unlikely," despite the Commissioner's contention that the opinion was "on an issue reserved to the Commissioner, and, therefore, not binding." 698 F.3d at 1160.

The Ninth Circuit held that the doctor's statement was not conclusory—such as those described in 20 C.F.R. § 404.1527(d)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.")—but was

"instead an assessment, based on objective medical evidence, of [the claimant's] *likelihood* of being able to sustain full time employment given the many medical and mental impairments [the claimant] face[d] and her inability to afford treatment for those conditions." *Id.* (emphasis in original).

*Hill* does not require reversal in this case. Significantly, Dr. Morris' statements that plaintiff's condition was "medically disabling" and that she was "completely disabled" are conclusory as well as legal conclusions reserved to the Commissioner. *See Lee v. Colvin*, No. 6:13-cv-00809-SB, 2015 WL 3770707, at *8–9 (D. Or. Apr. 20, 2015) (finding a treating doctor's opinion the claimant was "permanently disabled" both "conclusory and a legal conclusion reserved to the ALJ"), *report and recommendation adopted in part*, 2015 WL 3770764 (D. Or. June 17, 2015), *aff'd sub nom.* 721 F. App'x 604 (9th Cir. 2017); *cf. Seibel v. Berryhill*, 2017 WL 615195, at *13 n.20 (W.D. Wash. Feb. 15, 2017) ("In contrast, in this case, Dr. Roter's notation was exactly the type of conclusory comment contemplated in 20 C.F.R. § 404.1527(d)(1) . . . .").

Further, unlike *Hill*, the ALJ did not entirely ignore the opinion at issue. Instead, the ALJ discussed the doctor's consultation, including plaintiff's self-reports of pain at the appointment, the results of the doctor's physical examination, the doctor's treatment recommendations, and the referral "back to Dr. Jones for conservative management of her pain symptomatology." Tr. 22. Although the ALJ did not assign specific weight to the opinion, the Court concludes the ALJ sufficiently evaluated the opinion. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c) ("Regardless of its source, we will evaluate every medical opinion we receive.").

Finally, plaintiff has not met her burden of establishing harm. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected his 'substantial rights,' which is to say, not merely his

procedural rights.") (citing *Shinseki*, 556 U.S. at 407–09). Plaintiff cannot establish that assigning weight to the opinion would have altered her RFC because Dr. Morris' opinion contains no functional limitations. *See Dubek v. Astrue*, 2009 WL 1155226, at *4 (W.D. Wash. Apr. 29, 2009) (explaining that because pain management evaluation "did not find any specific work-related functional limitations, the ALJ [could not] be faulted for failing to discuss" the evaluation and holding that "to the extent there was any error on the part of the ALJ here, that error was harmless") (citing *Stout*, 454 F.3d at 1055).

On this record, the Court finds the ALJ's failure to explicitly assign weight to Dr. Morris' opinion was harmless. *See Stout*, 454 F.3d at 1055.

In sum, the ALJ provided specific and legitimate reasons to discount the opinion of Dr. Jones. Although the ALJ potentially erred in failing to assign specific weight to the opinion of Dr. Morris, any such error was harmless. The ALJ's evaluation of the medical evidence is affirmed.

## CONCLUSION

For the reasons discussed above, the Commissioner's decision denying plaintiff's applications for DIB and SSI is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

DATED this 19th day of November, 2019.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge